UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN JEWEL CANADY,<br><br>Plaintiff,<br><br>v.<br><br>LCI, INC.,<br><br>Defendant. | Case No. 2:26-cv-06568-SB-AJR<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Ryan Jewel Canady, a self-represented litigant seeking to proceed in forma pauperis, filed this action against Defendant LCI, Inc. alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. The Court twice dismissed Plaintiff's complaint for failure to state a claim and granted leave to amend. Dkt. Nos. 11, 16. In its most recent order, the Court identified the factual allegations necessary to state a plausible claim and warned Plaintiff that he would not receive another opportunity to amend. Dkt. No. 16 at 2. Plaintiff timely filed a second amended complaint (SAC). Dkt. No. 17.

The SAC adds factual allegations but fails to state a claim. Plaintiff now makes clear that his claims rest on a single alleged inaccuracy: LCI reported that his Chapter 13 bankruptcy was filed on November 8, 2024 and dismissed on December 10, 2024. Dkt. No. 17 at 2. Although he does not dispute the date of dismissal, he alleges that the correct filing date was September 1, 2024.[1]

[1] Plaintiff alleges that he filed the bankruptcy petition on "09/01/2025"—"months prior" to November 8, 2024. Dkt. No. 17 at 2. Because September 2025 is later than November 2024 and postdates the alleged dismissal, the Court construes the allegation as referring to September 1, 2024.

Plaintiff is mistaken. The Court takes judicial notice of the filing date reflected on the bankruptcy docket in *In re Ryan Canady*, No. 2:24-bk-19191 (Bankr. C.D. Cal.). *See* Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Plaintiff's Chapter 13 petition was filed on November 8, 2024. Dkt. No. 1 (*In re Ryan Canady*). That judicially noticeable fact is dispositive. A plaintiff must show an actual inaccuracy to state a claim under § 1681e(b) or § 1681i. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018); *see also Sustrik v. Equifax Info. Servs., LLC*, 812 F. App'x 727, 728 (9th Cir. 2020). Because Plaintiff identifies no inaccurate information, his FCRA claims fail.

Further leave to amend is unwarranted. Plaintiff has received two opportunities to amend, detailed notice of the deficiencies in his pleadings, and an express warning that the SAC would be his final opportunity. Dkt. Nos. 11, 16. No further opportunity is warranted under these circumstances. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (recognizing the district court's particularly broad discretion to deny further leave where a plaintiff previously was granted leave to amend but failed to cure the deficiencies). Moreover, amendment cannot cure the dispositive defect—namely, the public bankruptcy docket establishes that the sole information Plaintiff challenges was accurately reported. *See id.* (noting that leave to amend may be denied on futility grounds).

Accordingly, the SAC is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk is directed to enter judgment and close the case.

Date: September 24, 2026

Stanley Blumenfeld, Jr.
United States District Judge